JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
MEGHANN A. TRIPLETT (SBN 268005)
*Meghann@MarguliesFaithLaw.com*
ANNA LANDA (SBN 276607)
*Anna@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Plaintiff, Nancy J. Zamora, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>M SHAH DENTAL INC.,<br><br>Debtor. | Case No.: 1:19-bk-12322-MT<br><br>Chapter 7<br><br>Adv. No.: _____ |
| Nancy J. Zamora, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>HASMIK NSHANYAN, an individual,<br><br>Defendant. | **COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(A)];**<br>**(2) AVOIDANCE OF FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(B)]; AND**<br>**(3) RECOVERY OF AVOIDED TRANSFER [11 U.S.C.§ 550]** |

**TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Nancy J. Zamora (the "Plaintiff"), the Chapter 7 Trustee for the above-captioned bankruptcy estate (the "Estate") of M Shah Dental, Inc. (the "Debtor"), respectfully alleges as follows:

/ / /

/ / /

/ / /

**STATEMENT OF JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) in that this proceeding arises in and relates to the Debtor's main bankruptcy proceeding pending in the Central District of California, San Fernando Valley Division, as *In re M Shah Dental, Inc.*, Case No. 1:19-bk-12322-MT (the "Bankruptcy Case"). This proceeding also "arises under" title 11 as it involves a cause of action created or determined by a statutory provision of title 11. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O). Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

2.  This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises under and in connection with a case filed under Title 11 which is pending in this district. The Court also has personal jurisdiction over the Defendant.

**PARTIES**

4.  Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee for Debtor's Estate. Plaintiff has standing to bring this action under 11 U.S.C. § 323.

5.  Plaintiff is informed and believes that defendant Hasmik Nshanyan ("Defendant") is an individual and is subject to the jurisdiction of this Court.

**GENERAL ALLEGATIONS**

6.  The Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code on September 14, 2019 (the "Petition Date"). Thereafter, Plaintiff was appointed as the chapter 7 trustee of the Debtor's Estate.

7.  Plaintiff is informed and believes that the Debtor is a California corporation formed in or about 2016.

8.  Plaintiff is informed and believes, that as of the Petition Date, the Debtor operated a dental practice in Panorama City, California under the fictitious business

names "99 My Teeth Dental Group" and/or "99 Dientes Dental Group".

9. Plaintiff is informed and believes, that at all relevant times herein, Mihir Shah, DDS ("Dr. Shah") was the Chief Executive Officer and sole shareholder of the Debtor.

10. Plaintiff is informed and believes, that at all relevant times herein, Dr. Shah had access to, and exercised control over the Debtor's bank accounts.

11. Plaintiff is informed and believes that Dr. Shah is an insider of the Debtor as that term is defined under 11 U.S.C. § 101(31)(B).

12. Plaintiff is informed and believes, that at all relevant times herein, Dr. Shah was also the Chief Executive Officer of the entity Shah Dental, Inc. ("Shah Dental") which operated a dental practice located at 18528 Gault Street, Reseda CA, 91335.

13. Plaintiff is informed and believes that, at all relevant times herein, Dr. Shah was an insider of Shah Dental as that term is defined under 11 U.S.C. § 101(31)(B).

14. Plaintiff is informed and believes that at all relevant times herein, Defendant was an officer of Shah Dental.

15. Plaintiff is informed and believes that, at all relevant times herein, Defendant was an insider of Shah Dental as that term is defined under 11 U.S.C. § 101(31)(B).

16. Plaintiff is informed and believes that, on or about September 15, 2017, Dr. Shah executed a promissory note in favor of Defendant for $180,000, in exchange for certain assets of S&H Dental Management, Inc., the former owner of the nonclinical assets of Shah Dental, and Defendant's personal goodwill associated with Shah Dental (referred to herein as, the "Note").

17. Plaintiff is informed and believes that Dr. Shah and Defendant executed the Note in their individual capacities.

18. Plaintiff is informed and believes that Dr. Shah misdirected funds of the Debtor to pay for his personal expenses, including but not limited to the Transfer. The misdirection of funds was done while the Debtor was insolvent, undercapitalized, and

1  unable to pay its debts as they became due in the ordinary course of business.

2      19.    Plaintiff is informed and believes, that during the two-year period
3  immediately preceding the Petition Date, the Debtor made transfers of its property,
4  including money, directly to or for the benefit of Defendant in the sum of at least $20,000
5  (the "Transfer") from one or more of the Debtor's bank accounts.

6      20.    Plaintiff is informed and believes that the Transfer was a personal expense
7  of Dr. Shah for the repayment of his personal obligation to Defendant, and not related to
8  the Debtor's business operations.

9      21.    Plaintiff is informed and believes that the Transfer passed directly from the
10  Debtor to Defendant and Defendant had dominion and exercised legal control over the
11  transferred funds as soon as they cleared the Debtor's bank accounts.

12      22.    Plaintiff is informed and believes that Defendant is not a creditor of the
13  Debtor.

14      23.    Plaintiff is informed and believes that the Transfer is unrelated to the
15  Debtor's business, and that the Transfer was made for the benefit of Dr. Shah, and not
16  for the benefit of the Debtor or its creditors.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Actual Fraudulent Transfer)**

**[11 U.S.C. § 548(a)(1)(A)]**

20      24.    Plaintiff hereby incorporates by reference the preceding paragraphs of the
21  Complaint as if fully set forth herein.

22      25.    Plaintiff is informed and believes that the Transfer was a transfer of an
23  interest in property of the Debtor to Defendant within the two (2) years prior to the
24  Petition Date.

25      26.    Plaintiff is informed and believes that the Transfer was made with actual
26  intent to hinder, delay, or defraud creditors of the Debtor.

27      27.    Plaintiff is informed and believes that the Transfer is avoidable under 11
28  U.S.C. § 548(a)(1)(A).

## SECOND CLAIM FOR RELIEF

### (Avoidance of Constructive Fraudulent Transfer)

### [11 U.S.C. §§ 548(a)(1)(B)]

28. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

29. Plaintiff is informed and believes that the Debtor did not receive reasonably equivalent value in exchange for the Transfer.

30. Plaintiff is informed and believes that the Debtor:

    a. Was insolvent on the date that the Transfer was made, or became insolvent as a result of the Transfer;

    b. Was engaged or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or

    c. Intended to incur, or believed, or reasonably should have believed, it would incur debts beyond its ability to pay them as they became due.

31. Plaintiff is informed and believes that the Transfer was fraudulent transfer avoidable under 11 U.S.C. § 548(a)(1)(B).

## THIRD CLAIM FOR RELIEF

### (Recovery of Avoided Transfer)

### [11 U.S.C. § 550]

32. Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

33. Plaintiff is informed and believes that the Defendant was the initial transferee of the Transfer or the entity for whose benefit the Transfer was made or the mediate or immediate transferee of the Transfer.

34. Pursuant to the provisions of 11 U.S.C. § 550(a), Plaintiff may recover the Transfer plus interest thereon at the maximum legal rate from the date the Transfer was made.

**WHEREFORE,** Plaintiff prays for relief as follows:

a. For judgment against Defendant avoiding the Transfer as fraudulent transfer under 11 U.S.C. § 548(a)(1)(A) or (B);

b. For judgment against Defendant recovering the Transfer, or the value of said Transfer for the benefit of the Estate under 11 U.S.C. § 550;

c. For judgment against Defendant for the value of the Transfer together with interest thereon at the legal rate from the date of each transfer;

d. For costs of suit and interest at the legal rate on all damages and sums awarded to Plaintiff, for the benefit of the Estate; and

e. For such other relief as the Court deems just and proper.

DATED: September 13, 2021          **MARGULIES FAITH, LLP**

By: */s/ Meghann A. Triplett*
Meghann A. Triplett
Attorneys for Plaintiff Nancy J. Zamora, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(A)]; (2) AVOIDANCE OF FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(B)]; AND (3) RECOVERY OF AVOIDED TRANSFER [11 U.S.C.§ 550]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 13, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **September 13, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Honorable Maureen A. Tighe, U.S. Bankruptcy Court, 21041 Burbank Blvd., Ste. 324, Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 13, 2021 | Vicky Castrellon | /s/ Vicky Castrellon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

**ATTORNEY FOR CREDITOR: Michele S Assayag**     massayag@swlaw.com, idelgado@swlaw.com

**ATTORNEY FOR DEBTOR: Shirlee L Bliss**     shirleebliss@yahoo.com, bankruptcybliss@gmail.com;blisssr50827@notify.bestcase.com

**ATTORNEY FOR U.S. TRUSTEE: Katherine Bunker**     kate.bunker@usdoj.gov

**ATTORNEY FOR CREDITOR: Jennifer Eileen Duty**     jduty@nationalfunding.com, mspurrier@nationalfunding.com

**ATTORNEY FOR CHAPTER 7 TRUSTEE: Jeremy Faith**     Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

**ATTORNEY FOR CREDITOR: Fahim Farivar**     fahim@farivarlaw.com, catherine@farivarlaw.com;lisa@farivarlaw.com

**ATTORNEY FOR INTERESTED PARTY: David Brian Lally**     davidlallylaw@gmail.com

**ATTORNEY FOR CHAPTER 7 TRUSTEE: Anna Landa**     Anna@MarguliesFaithlaw.com, Helen@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com

**FORMER ATTORNEY FOR CHAPTER 7 TRUSTEE: Noreen A Madoyan**     Noreen.Madoyan@usdoj.gov

**ATTORNEY FOR CREDITOR: Mark J Markus**     bklawr@bklaw.com, markjmarkus@gmail.com

**ATTORNEY FOR INTERESTED PARTY: Roksana D. Moradi-Brovia**     roksana@rhmfirm.com, matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

**ATTORNEY FOR INTERESTED PARTY: Sevag Nigoghosian**     sevag@snlawoffices.com, irene@snlawoffices.com

**ATTORNEY FOR CREDITOR: Joshua K Partington**     jpartington@swlaw.com, idelgado@swlaw.com

**ATTORNEY FOR CHAPTER 7 TRUSTEE: Meghann A Triplett**     Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

**OUST: United States Trustee (SV)**     ustpregion16.wh.ecf@usdoj.gov

**CHAPTER 7 TRUSTEE: Nancy J Zamora (TR)**     zamora3@aol.com, nzamora@ecf.axosfs.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.